**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL LEON WILLIAMS,

         Petitioner,

vs.                                                                    Case No.:    3:17-cv-473-J-34PDB
                                                                                           3:15-cr-54-J-34PDB

UNITED STATES OF AMERICA,

         Respondent.

_____/

## ORDER

      This case is before the Court on Petitioner Michael Leon Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion; Civ. Doc. 1-1, Attachments) and Memorandum of Law (Civ. Doc. 1-2, Memorandum).[1] Williams raises three claims of ineffective assistance of counsel, each related to Williams's sentence as a career offender under the United States Sentencing Guidelines. The United States has responded (Civ. Doc. 5, Response), and Williams has replied (Civ. Doc. 8, Reply). Williams also filed two motions for leave to supplement (Civ. Doc. 9, First Motion for Leave to Supplement; Civ. Doc. 17, Second Motion for Leave to Supplement), to which the United States has responded as well (Civ. Doc. 11, Response to First Motion for Leave to Supplement; Civ. Doc. 20, Response to Second Motion for Leave to Supplement). In addition, Williams filed two freestanding sets of "Supplemental Arguments," which the Court has also reviewed. (Civ. Doc. 8-1, First Supplement to Arguments; Civ. Doc. 16, Second Supplement to Arguments). The case is ripe for a decision.

---

[1]     Citations to the record in the underlying criminal case, United States v. Michael Leon Williams, No. 3:15-cr-54-J-34PDB, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:17-cv-473-J-34PDB, will be denoted "Civ. Doc. __."

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons set forth below, Williams's request for § 2255 relief is due to be denied.

## I.     Background

On April 23, 2015, a federal grand jury charged Williams with a single count of attempting to possess 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. (Crim. Doc. 11, Indictment). Williams pled guilty to the charge pursuant to a written plea agreement on June 8, 2015. (Crim. Doc. 38, Plea Agreement; Crim. Doc. 68, Plea Transcript). According to the factual basis included in his Plea Agreement, between March 2015 and April 2015, Williams had several conversations about purchasing cocaine from an undercover agent, who he believed to be a drug supplier. Plea Agreement at 17-19; Plea Tr. at 24-27. Although he eventually wanted to purchase more, Williams agreed to buy five kilograms of cocaine. Plea

---

[2]     Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3]     Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

Agreement at 18; Plea Tr. at 26. On April 16, 2015, Williams met the undercover agent in a parking lot to consummate the transaction, bringing with him a money counter and a green bag containing $50,020 in cash. Plea Agreement at 18-19; Plea Tr. at 26-27. Law enforcement arrested Williams at the meeting without incident. The Magistrate Judge who presided over the change-of-plea colloquy found that Williams's guilty plea "was intelligently, knowingly, and voluntarily made, and that the facts that he admitted establish[ed] the elements of the charged offense." (Crim. Doc. 39, Report and Recommendation Concerning Guilty Plea). As such, the Magistrate Judge recommended that the Court accept it. Id. Without objection, the Court accepted Williams's guilty plea and adjudicated him guilty of the single charge in the Indictment. (Crim. Doc. 41, Acceptance of Plea).

According to the Presentence Investigation Report ("PSR"), Williams's advisory sentencing range under the United States Sentencing Guidelines was 188 to 235 months in prison. (Crim. Doc. 49, PSR at ¶ 85). The Probation Office arrived at this Guidelines range based on a total offense level of 31 and a criminal history category of VI. Id. Because Williams had two prior convictions for a controlled substance offense, the Probation Office determined that he qualified to be sentenced as a career offender under U.S.S.G. § 4B1.1. See PSR at ¶¶ 19-29, 52, 53. This resulted in an increase of his base offense level from 30 to 34 and an increase in his criminal history category from III to VI. Id.[4] The two controlled substance convictions were (1) a 2005 conviction in St. Tammany Parish,

---

[4] The base offense level applicable to Williams was 30 under U.S.S.G. § 2D1.1 because the offense involved at least five kilograms of cocaine. PSR at ¶ 19. Because Williams was designated a career offender and because the statutory maximum penalty was 40 years in prison, his offense level increased to 34. Id. at ¶¶ 25, 26. Williams then received a three-level reduction under U.S.S.G. §§ 3E1.1(a) and (b) for acceptance of responsibility, yielding a total offense level of 31. Id. at ¶¶ 27-29.

Louisiana, for attempted possession with intent to distribute marijuana (for which he was arrested in July 2004), and (2) a 2006 conviction in Clay County, Florida, for the sale or delivery of cocaine, PSR at ¶¶ 25, 43, 45.

Williams's sentencing counsel, Clifford Stripling, did not object to the calculation of the Guidelines range, which he acknowledged was "properly calculated" and resulted in "no sustainable objections to the presentence report." (Crim. Doc. 51, Williams's Sentencing Memorandum at 2). However, counsel did hire a sentencing mitigation specialist, a former United States probation officer, to assist him in making the case for a downward variance. (See Crim. Doc. 67, Sentencing Transcript at 10). Counsel filed a sentencing memorandum in which he urged the Court to vary below the Guidelines range based on the sentencing factors set forth in 18 U.S.C. § 3553(a). See generally, Williams's Sentencing Memorandum. Among other things, counsel argued that Williams's circumstances warranted a downward variance because he had a lengthy history of drug and alcohol problems which, combined with his emotional and intellectual deficiencies, contributed to his poor decision making. Counsel also submitted letters from friends and family members in support of Williams, see Sentencing Tr. at 4, 8, 23, and presented Williams's brother and sister to make a statement on his behalf at the sentencing hearing, id. at 17-20.

The Court adopted the PSR's recommended calculation of the Guidelines range. Id. at 3-4. Nevertheless, the Court varied downward, sentencing Williams to a term of imprisonment of 140 months, or four years below the low end of the Guidelines range. Id. at 25. In doing so, the Court noted that Williams's "very significant drug addiction for which he had gotten no treatment" was one factor in its decision, id. at 27, and that the longest

sentence Williams had previously served was 35 months in prison, making his current sentence "much longer than any that Mr. Williams has faced in the past," id. at 27-28. Ultimately, the Court explained that it "varied downward simply because it appears to me that when I look at the circumstances of the offense and Mr. Williams's history, that 140 months is entirely sufficient to accomplish" the statutory purposes of sentencing. Id. at 28.

The Court entered judgment on March 3, 2016 (Crim. Doc. 54, Judgment), after which Williams filed a notice of appeal (Crim. Doc. 56). Williams's appellate counsel, Charles Truncale, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Following an independent review of the record, the Eleventh Circuit Court of Appeals determined "that counsel's assessment of the relative merit of the appeal is correct" and that "the entire record reveals no arguable issues of merit." United States v. Williams, 678 F. App'x 814, 815 (11th Cir. 2017). As such, on January 30, 2017, the Eleventh Circuit affirmed Williams's conviction and sentence. Id.

Williams did not petition the United States Supreme Court for certiorari review. Therefore, his conviction and sentence became final on Monday, May 1, 2017, when time expired to file a petition for certiorari review. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Williams filed the § 2255 Motion 16 days before that date, on April 15, 2017. See § 2255 Motion at 6.

## II.    Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the

5

imposed sentence exceeded the maximum authorized by law; and (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)). The Supreme Court has recognized that a petitioner's claim that he received ineffective assistance of counsel in violation of the Sixth Amendment is properly brought in a collateral proceeding under § 2255. Massaro v. United States, 538 U.S. 500, 504 (2003).

To establish ineffective assistance of counsel, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether the petitioner has satisfied the first requirement, that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994) (citing Strickland, 466 U.S. at 688). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "'wide range of professionally competent assistance.'" Scott v. United States, 890 F.3d 1239, 1258 (11th Cir. 2018) (quoting Payne v. Allen, 539 F.3d 1297, 1315 (11th Cir. 2008)). In other words, "[t]he standard for effective assistance of counsel is reasonableness, not perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th

Cir. 2019) (citing <u>Strickland</u>, 466 U.S. at 687). To satisfy the second requirement, that counsel's deficient performance prejudiced the defense, the petitioner must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. <u>Martin</u>, 949 F.3d at 667 (citing <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010)). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. <u>Strickland</u>, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697; <u>see also</u> <u>Wellington v. Moore</u>, 314 F.3d 1256, 1261 n.1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

## A. Grounds One and Three

In Grounds One and Three of the § 2255 Motion, Williams asserts that sentencing counsel, Clifford Stripling, gave ineffective assistance because he failed to investigate Williams's criminal history. § 2255 Motion at 4; Memorandum at 11-13, 14-16; Reply at 1-3.[5] As a result, Williams argues, counsel failed to discover that he did not qualify for the career offender enhancement because he did not have the requisite number of felony controlled substance convictions. Specifically, Williams contends that his Louisiana conviction for attempted possession with intent to distribute marijuana did not qualify as a

---

[5]    In discussing Ground Three in the Memorandum, Williams cites case law regarding ineffective assistance of counsel in the plea bargaining context, <u>id.</u> at 14-15, but he does not allege any facts or raise any argument about counsel's assistance in his decision to plead guilty. Instead, Williams's claim centers around counsel's alleged failure to investigate and object to the career offender enhancement. <u>Id.</u> at 16.

controlled substance offense under U.S.S.G. §§ 4B1.1 and 4B1.2. Williams argues that the conviction was a misdemeanor, not a felony, because (1) the Probation Officer gave the conviction only one criminal history point instead of three points[6], (2) a printout from a law enforcement database identified the conviction with the abbreviation "MISD," which purportedly stands for "misdemeanor," (see Civ. Doc. 1-1 at 3, "Attachment 3"), and (3) he ultimately served only three years of probation for the conviction, in lieu of a suspended sentence of three years of hard labor. Additionally, Williams argues that the Louisiana conviction did not qualify as a career offender predicate because he received a first-offender pardon from the state's Division of Probation and Parole, pursuant to Article I, Section 20, and Article IV, Section 5(E)(1) of the Louisiana Constitution. (See Civ. Doc. 1-1 at 5, "Attachment 5").

None of these arguments is availing. Contrary to Williams's assertions, the Court properly designated him as a career offender because his Louisiana drug conviction qualified as a controlled substance offense. According to U.S.S.G. § 4B1.1,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2015).[7] The term "controlled substance offense" means

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit

---

[6] Williams also contends in the Memorandum that he could not have had two felony convictions, and therefore could not have qualified as a career offender, because he had a total of five criminal history points. Memorandum at 12-13. This is a variation of the same argument.

[7] Williams does not dispute that he met the first two criteria for the career offender enhancement. He also does not dispute that his 2006 Florida conviction for the sale or delivery of cocaine met the definition of a controlled substance offense.

> substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Id., § 4B1.2(b). Additionally, a "controlled substance offense" "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, App. Note 1.

In 2005, Williams pled guilty in a Louisiana court to attempted possession with intent to distribute marijuana, which is an offense under Louisiana Revised Statutes Section 40:966(A). (Civ. Doc. 8-2, St. Tammany Parish Plea Record); PSR at ¶ 43. The statute at the time he committed the offense provided:

> **A. Manufacture; distribution.. --** Except as authorized by this Part, it shall be unlawful for any person knowingly or intentionally:
>
> **(1)** To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I;….

La. R.S. § 40:966(A)(1) (2004). A person who violates § 40:966(A) with respect to a "substance classified in Schedule I which is marijuana, tetrahydrocannabinols, or chemical derivatives of tetrahydrocannabinols, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars." Id., § 40:966(B)(3) (2004). The maximum sentence is reduced by half for attempts and conspiracies:

> Except as otherwise provided herein, any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this Part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the longest term of imprisonment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Id., § 40:979(A) (2004). Thus, under §§ 40:966(B)(3) and 40:979(A) (as they existed in 2004), attempted possession with intent to distribute marijuana was punishable by up to 15 years of imprisonment. As such, Williams's Louisiana conviction fell within the Guidelines' definition of a controlled substance offense because the crime was (1) an offense under state law, (2) punishable by imprisonment for a term exceeding one year, (3) "that prohibits … the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(a). Other courts have likewise concluded that a violation (or attempted violation) of Louisiana Revised Statute Section 40:966(A) constitutes a controlled substance offense. United States v. Francis, 674 F. App'x 372, 373 (5th Cir. 2016) (attempted violation of La. R.S. § 40:966(A)(1) was a controlled substance offense); United States v. Winbush, 407 F.3d 703, 704 n.1 (5th Cir. 2005) (Louisiana conviction for attempted possession of cocaine with intent to distribute was a controlled substance offense); United States v. Scott, Crim. No. 14–023, 2017 WL 4480754, at *9-10 (E.D. La. Aug. 29, 2017) (§ 2255 movant's prior conviction for conspiracy to distribute marijuana, in violation of La. R.S. § 40:966(A), was a controlled substance offense, and counsel was not ineffective for failing to object to the career offender enhancement).

Williams's arguments to the contrary are misguided. Williams contends that his Louisiana drug conviction was not a controlled substance offense because it was a misdemeanor, not a felony. First, he points to the number of criminal history points he received (one point for the Louisiana conviction and five points overall), which he believes shows that the conviction could not have been a felony. However, the number of criminal history points assigned to a prior conviction has no bearing on whether the prior conviction

constitutes a felony or a misdemeanor. Under U.S.S.G. § 4A1.1, the number of criminal history points assessed for a particular prior conviction depends on the length of the sentence <u>actually imposed</u>, <u>see</u> §§ 4A1.1(a)-(c), whereas the determination of whether that prior conviction falls within the definition of a "felony" depends on the maximum sentence that <u>could have been imposed</u> and whether such sentence exceeded one year in prison, U.S.S.G. § 4B1.2(b) & App. Note 1. Williams's Louisiana conviction for attempted possession with intent to distribute marijuana was indeed a felony because, no matter what sentence was imposed or how many criminal history points he received, the crime was punishable by up to 15 years in prison. <u>See</u> La. R.S. §§ 40:966(B)(3), 40:979(A) (2004).

Williams also argues that the Louisiana conviction was a misdemeanor because a database printout purportedly identified the conviction as one (using the abbreviation "MISD") and because he ultimately served only three years of probation in lieu of a suspended sentence of three years of hard labor.[8] However, the commentary to the career offender guideline forecloses these arguments. According to the Sentencing Guidelines' definition of a "prior felony conviction," the term "means a prior adult federal or state conviction for an offense punish<u>able</u> by death or imprisonment for a term exceeding one year, <u>regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed</u>." U.S.S.G. § 4B1.2, App. Note 1 (2015) (emphasis added). Thus, neither the fact that the Louisiana conviction was labeled a misdemeanor nor the fact that Williams actually served only three years of probation changes the fact that the prior conviction was a felony offense.

---

[8] The Court assumes for the sake of discussion that "MISD" stands for misdemeanor.

Next, Williams argues that his Louisiana drug conviction does not count as a career offender predicate because he received a first-offender pardon, pursuant to Article I, Section 20, and Article IV, Section 5(E)(1) of the Louisiana Constitution. <u>See</u> Attachment 5. However, the Sentencing Guidelines' commentary forecloses this argument as well:

> 10.   <u>Convictions Set Aside or Defendant Pardoned</u>.— A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, <u>e.g.</u>, in order to restore civil rights or to remove the stigma associated with a criminal conviction. <u>Sentences resulting from such convictions are to be counted</u>. However, expunged convictions are not counted. §4A1.2(j).

U.S.S.G. § 4A1.2, App. Note 10 (emphasis added). Louisiana's first-offender pardon is exactly the type of pardon described above. In Louisiana, a first-offender pardon is automatically granted to an individual <u>after</u> he has completed his sentence, <u>see</u> La. Const. Art. IV, § 5(E)(1), and its purpose is to restore the "[f]ull rights of citizenship," <u>Id.</u>, Art. I, § 20. Such pardons are <u>not</u> granted for reasons related to innocence or errors of law. Indeed, as the Fifth Circuit Court of Appeals and the Louisiana Supreme Court have observed, "[a]n automatic first offender pardon does not restore 'a status of innocence' and, accordingly, 'does not preclude consideration of a first felony conviction in adjudicating a person as a habitual offender.'" <u>Hang Thuy Nguyen v. U.S. Citizenship & Immigration Servs.</u>, 847 F.3d 750, 751-52 (5th Cir. 2017) (quoting <u>State v. Adams</u>, 355 So. 2d 917, 922 (La. 1978)). Moreover, nothing in the record suggests that Williams's Louisiana drug conviction was expunged, nor does he point to any authority under Louisiana law suggesting that an automatic first-offender pardon results in expungement of the prior conviction. Indeed, Williams's mitigation specialist rightly testified at the sentencing hearing that "[u]nfortunately for him, [the first-offender pardon] does not change the fact

that he has the conviction and that the conviction is scoreable under the guideline provisions. So it does not change his status as a career offender." Sentencing Tr. at 12.

Accordingly, the law and the record establish that Williams properly qualified as a career offender because his Louisiana conviction fell within the definition of a controlled substance offense. Thus, sentencing counsel did not give ineffective assistance by failing to object to the career offender enhancement because "[f]ailing to make a meritless objection does not constitute deficient performance." Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing Freeman v. Att'y General, 536 F.3d 1225, 1233 (11th Cir. 2008)). The record also shows that counsel investigated Williams's criminal background, as reflected by his hiring of a sentencing mitigation specialist and that counsel succeeded in obtaining a four-year downward variance. Therefore, Williams's claims of ineffective assistance in Grounds One and Three lack merit, and relief as to these claims is due to be denied.

### B. Ground Two

In Ground Two, Williams asserts that appellate counsel, Charles Truncale, gave ineffective assistance because he failed to raise two meritorious issues. § 2255 Motion at 4; Memorandum at 13-14. According to Williams, "[t]he two non-frivolous issues are being employed herein as Ground One and Ground Two." Memorandum at 13-14. However, Williams does not identify or develop the alleged second meritorious issue. In a footnote, he asserts that "Counsel was inept for not ordering the transcript and critiquing [it] for errors, and secondly Counsel was inept because he failed to identify the meritorious issues which are presented here as Grounds One and Two." Id. at 14 n.5. Williams then cites to "Attachment 4." Id.; see also Civ. Doc. 1-1 at 4 (titled "Att-4"). However, "Attachment 4" is

13

simply a copy of a Trulincs email from Williams's wife, Tikeyla Williams, which references the penalty provisions applicable under Louisiana Revised Statutes Sections 40:966(E) and (F). But those provisions are irrelevant because Williams was not sentenced under those statutes. Rather, Williams's Louisiana drug conviction was under §§ 40:966(A) and (B)(3). Williams fails to explain what relevance, if any, the email may have.

To the extent Williams contends that appellate counsel gave ineffective assistance by failing to brief the issues in Ground One, that claim lacks merit because as discussed above, Williams was properly sentenced as a career offender. And "appellate counsel is not ineffective for failing to raise a meritless issue on appeal." Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1311 (11th Cir. 2008); see also Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (same).

To the extent Williams asserts that appellate counsel gave ineffective assistance by failing to raise some other unidentified issue, that claim is too vague and conclusory to warrant relief. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991). A petitioner is not entitled to an evidentiary hearing – let alone habeas relief – "when his claims are merely conclusory allegations unsupported by specifics…." Id. (quotation marks and citation omitted); Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (an evidentiary hearing is not required if the allegations are based on "unsupported generalizations"). To the extent Williams intended to argue that appellate counsel was ineffective because he failed to "order[ ] the transcript and critiqu[e] for errors," the record refutes such a claim. The docket on appeal shows that appellate counsel filed an Anders brief after having canvassed the record but concluded there were no meritorious issues. United States v. Willliams, No. 16–11080 (11th Cir.), Dkt. Entry of August 4, 2016 ("Anders

Brief"). Based on its own examination of the record, the Eleventh Circuit Court of Appeals agreed that there were no meritorious issues and affirmed Williams's conviction and sentence. Williams, 678 F. App'x at 815.

Williams has failed to establish the existence of any non-frivolous issues for appeal, and the record does not reflect the presence of any such issues. Accordingly, relief on Williams's claim of ineffective assistance of appellate counsel is due to be denied.

### C.  Ground Four

In Ground Four, Williams states that "[a]s a precaution Petitioner reserves his right to file his Mathis claim later on." § 2255 Motion at 5. He states that he "waits in anticipation of the futuristic Supreme Court Case harmonizing Mathis and related cases." Id. However, Williams never developed a claim based on Mathis v. United States, 136 S. Ct. 2243 (2016).[9] As such, this claim is abandoned, and in any event, it is too generalized to support relief. See Winthrop-Redin, 767 F.3d at 1216; Tejada, 941 F.2d at 1559.

### D.  First Motion for Leave to Supplement

On January 30, 2018, Williams filed a "Motion to Supplement Pending 28 U.S.C. 2255 and Motion to Appoint Counsel to File Supplemental Brief." (Civ. Doc. 9, First Motion for Leave to Supplement). Williams filed the motion in light of the Eleventh Circuit's decision in United States v. Baptiste, 876 F.3d 1057 (11th Cir. 2017), which he contends "mirrors the claims that w[ere] raised by this movant in his reply to the Government's response." First Motion for Leave to Supplement. Williams contends that the Probation Office and the Court erred in assessing him "3 criminal history points on an incident whi[ch]

---

[9]        In Mathis, the Supreme Court held that where a statute lists alternative means, as opposed to alternative elements, it is not considered divisible for purposes of applying the modified categorical approach. 136 S. Ct. at 2256. The Court also offered guidance on how to distinguish between alternative means and alternative elements. Id. at 2256-57.

he never served any term of imprisonment and was placed in [sic] probation which he successfully completed." Id. (sic). While Williams appears to be referring to his Louisiana drug conviction, he was assessed only one criminal history point for that conviction. Id. at ¶ 43. The only prior conviction that resulted in the assessment of three criminal history points was a 2006 Florida conviction for the sale or delivery of cocaine, for which Williams served two years in prison. PSR at ¶ 45. Regardless, the United States does not oppose Williams's request to supplement the § 2255 Motion with a claim based on Baptiste. (Civ. Doc. 11, Response to First Motion for Leave to Supplement at 2). Nevertheless, the United States argues that Williams's reliance on Baptiste is misplaced because Baptiste is inapplicable, id. at 2-3, and because the Court correctly determined Williams's criminal history category, id. at 3-10.

Upon review, the Court will grant the First Motion for Leave to Supplement to the extent that the Court considers the merits of Williams's claim under Baptiste. In Baptiste, the defendant raised an issue regarding the correct number of criminal history points to assess for a particular prior conviction. He had been convicted in state court of possession of marijuana, the state court withheld adjudication, and purported to sentence him to "198 days time served," "referring to time he spent in U.S. Immigration and Customs Enforcement detention." 876 F.3d at 1059. At sentencing in federal court, the Probation Office and the district court determined that the prior conviction should be assessed two criminal history points under U.S.S.G. § 4A1.1(b) because the defendant was sentenced to more than 60 days in custody. See id. at 1059-60 & n.1. On appeal, the parties debated "whether time in Immigration custody can ever qualify as 'imprisonment' for purposes of

determining criminal history under the Guidelines." Id. The Eleventh Circuit found it unnecessary to address that issue because it determined that

> where … a defendant has pled guilty to a prior crime and adjudication has been withheld, that disposition must be counted for a single criminal-history point under § 4A1.1(c) of the Guidelines, regardless of whether the sentencing court purported to impose – or even actually imposed – 198 days or no days of imprisonment.

Id.

The holding in Baptiste provides no basis for relief to Williams because he was not assessed more than one criminal history point for any conviction where adjudication was withheld. Williams was assessed criminal history points for the following three convictions:

1. One criminal history point for the Louisiana conviction for attempted possession with intent to distribute marijuana. PSR at ¶ 43. Williams was adjudicated guilty of the offense and sentenced to three years of probation in lieu of a suspended sentence of three years of hard labor. Id.

2. Three criminal history points for a 2006 Florida conviction for the sale or delivery of cocaine. PSR at ¶ 45. Williams was adjudicated guilty and sentenced to two years in prison. Id.

3. One criminal history point for a 2011 Florida conviction for the possession of 20 grams or less of marijuana. PSR at ¶ 49. Adjudication was withheld and Williams was ordered to pay a fine and court costs. Id.

Thus, the holding in Baptiste has no applicability to the calculation of Williams's criminal history.

More importantly, the calculation of Williams's criminal history score is a moot point because his criminal history category was ultimately determined by the career offender guideline. Pursuant to U.S.S.G. § 4B1.1(b), Williams's career offender designation automatically placed him in criminal history category VI, regardless of the number of criminal history points assessed for his prior convictions. See PSR at ¶ 53. And as

discussed in connection with Grounds One and Three, Williams properly qualified to be sentenced as a career offender under § 4B1.1.

Accordingly, relief based on <u>Baptiste</u> is due to be denied on the merits.

**E.  Second Motion for Leave to Supplement**

In November of 2018, Williams filed an undated Second Motion for Leave to Supplement, in which he asserts that one of his court-appointed attorneys, Roland Falcon, continued to represent him "in the shadows" even after Falcon withdrew due to a conflict of interest. (Civ. Doc. 17, Second Motion for Leave to Supplement at 1). According to Williams, Falcon had a conflict of interest because of his representation of another client, Kenneth Soloman. <u>Id.</u> Williams contends that Falcon and his next attorney, Clifford Stripling, "both launched a scheme to keep money from the movant that was clearly not earned in the case of Mr. Falcon [sic] part." <u>Id.</u> Williams states that Falcon's conduct "seems highly unethical," and tepidly concludes that he "[does not] know if it is illegal but this movant is checking into it." <u>Id.</u> at 2.

The United States contends that the Second Motion for Leave to Supplement should be denied. (Civ. Doc. 20, Response to Second Motion for Leave to Supplement). In support, the United States argues that the newly-raised claim is untimely under 28 U.S.C. § 2255(f), and that it does not relate back to the § 2255 Motion under Rule 15(c), Federal Rules of Civil Procedure. <u>Id.</u> at 1-4. Alternatively, the United States asserts that Williams's claim fails to satisfy the standard for establishing a conflict of interest. <u>Id.</u> at 4-6.

Upon review of the record, the Court determines that the new ineffective assistance claim is untimely and does not relate back to Williams's § 2255 Motion. The statute of

limitations for § 2255 claims applies on a claim-by-claim basis. Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (citing Zack v. Tucker, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc)). Under 28 U.S.C. § 2255(f)(1), Williams had one year from the date his conviction and sentence became final (May 1, 2017), or until May 1, 2018, to file any claims for relief from his sentence.[10] Williams raised the instant ineffective assistance claim in November of 2018 – some six months after § 2255(f)(1)'s limitations period expired. Thus, the claim raised in the Second Motion for Leave to Supplement is untimely and can be maintained only if it relates back to the original § 2255 Motion under Rule 15(c), Federal Rules of Civil Procedure.

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Notably, in Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court rejected a broad reading of the terms "conduct, transaction, or occurrence" in habeas cases that would be "capacious" enough to allow new claims to relate back merely because they arise from the same trial, conviction, or sentence. Id. at 656-64. Instead, the Supreme Court adopted a more narrow reading of the terms "conduct, transaction, or occurrence," which would "allow relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Id. at 657 (citation omitted); see also id. at 664 ("So long as the original and

---

[10]   Williams does not contend that the extended limitations periods under §§ 2255(f)(2)-(4) apply to his proposed ineffective assistance claim.

amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.") (footnote omitted).

Williams's proposed ineffective assistance claim does not relate back to the § 2255 Motion because it does not arise from the same core facts as the timely-filed claims. In the § 2255 Motion, Williams argues that his Louisiana drug conviction did not qualify as a career offender predicate; that sentencing counsel, Clifford Stripling, was ineffective for not objecting to the career offender enhancement; and that appellate counsel, Charles Truncale, was also ineffective for not challenging the career offender enhancement. See § 2255 Motion; Memorandum. Williams alleged no facts and raised no argument regarding Roland Falcon or any purported conflict of interest on the part of Falcon. As such, the new ineffective assistance claim is not "tied to a common core of operative facts" and "relation back will [not] be in order." Mayle, 545 U.S. at 664. Because the new claim does not relate back to the timely filed § 2255 Motion, it is barred by the statute of limitations and the Second Motion for Leave to Supplement is due to be denied.

**F. First and Second Supplemental Arguments**

Williams also filed two freestanding sets of "supplemental arguments." He submitted the first set of supplemental arguments as an attachment to his Reply. (Civ. Doc. 8-1, First Supplement to Arguments). There, he seeks to raise a claim that his criminal history score was miscalculated as well as a claim that sentencing counsel was ineffective for failing to contest the drug quantity. However, Williams did not obtain leave of Court to raise these two new claims for relief. By raising these claims for the first time in a reply brief and not obtaining leave of Court to amend his § 2255 Motion to add them, Williams waived his right to relief. Oliveiri v. United States, 717 F. App'x 966, 967 (11th Cir. 2018);

Snyder v. United States, 263 F. App'x 778, 779-80 & n.2 (11th Cir. 2008). Because Williams neither requested nor obtained leave of Court to add these two claims, they are procedurally barred.[11]

Williams filed the second set of supplemental arguments as part of his reply to the government's response to his First Motion for Leave to Supplement. (See Civ. Doc. 16, Second Supplement to Arguments). In the first three issues, Williams merely replies to arguments made by the government in its response. However, in the fourth and fifth issues, Williams again seeks to raise two new claims for relief. As with the First Supplement to Arguments, Williams raises claims regarding the determination of the drug quantity and the criminal history score. As discussed above, these claims are procedurally barred because Williams neither raised them in the § 2255 Motion nor obtained leave of Court to add the claims. See Oliveiri, 717 F. App'x at 967; Snyder, 263 F. App'x at 779-80.

## III.    Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Williams seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Williams "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were

---

[11] The claims lack merit in any event. As the Court previously explained, the calculation of Williams's criminal history points is irrelevant because the criminal history category was ultimately determined by the career offender enhancement. Additionally, counsel was not ineffective for not contesting the drug quantity. The PSR stated that Williams was responsible for 5 kilograms of cocaine, PSR at ¶ 19, which is the same amount he admitted to pursuant to his Plea Agreement, Plea Agreement at 18; Plea Tr. at 26.

'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED**:

1. Petitioner Michael Leon Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. Williams's First Motion for Leave to Supplement (Civ. Doc. 9) is **GRANTED** to the extent the Court has considered the claim on the merits. However, the claim is **DENIED**. Williams's request for the appointment of counsel is likewise **DENIED** because the record refutes the claim.

3. Williams's Second Motion for Leave to Supplement (Civ. Doc. 17) is **DENIED**.

4. The Clerk shall enter judgment in favor of the United States and against Williams, and close the file.

5. If Williams appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of Record
Pro se petitioner